DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
KATHERINE B. BEARMAN, State Bar #280561
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4256
Facsimile:     (415) 554-3837
E-Mail:        kate.bearman@sfcityatty.org

Attorneys for Defendant
DEPUTY FERNANDO IBARRA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HOGAN,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUTY IBARRA,<br><br>Defendant. | Case No. 22-cv-6112-DMR<br><br>**DEFENDANT DEPUTY IBARRA'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Trial Date:          Not Set |

Defendant Fernando Ibarra ("Ibarra" or "Defendant") answers Plaintiff Lester Hogan's ("Plaintiff") First Amended Complaint ("FAC" or "Complaint") as follows:

**PARTIES**

1.     Defendant admits that Lester Hogan is the Plaintiff in this lawsuit.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, Defendants denies generally and specifically each and every remaining allegation in this paragraph.

2.     Defendant admits that he is employed as a Sheriff's Deputy in the San Francisco Sheriff's Office ("SFSO").  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION**

3.      Defendant admits that Plaintiff brings this lawsuit under 42 U.S.C. § 1983.  Defendant admits that there is federal question jurisdiction.  Defendant denies that he violated any of Plaintiff's rights.  Defendant denies that he did anything wrong.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

**VENUE**

4.      This paragraph contains no allegations and therefore requires no response.  However, Defendant admits that venue is proper in the Northern District of California, Oakland Division.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

**INTRADISTRICT ASSIGNMENT**

5.      This paragraph contains no allegations and therefore requires no response.  However, Defendant admits that venue is proper in the Northern District of California, Oakland Division.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of this paragraph.

**FACTUAL ALLEGATIONS**

Page 3, Lines 24–28:  Defendant admits that on August 19, 2020, at the time of the incident, he was on duty as a Sheriff's Deputy for SFSO.  Defendant admits that he acted under color of law, but denies doing any unlawful act.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, Defendants denies generally and specifically each and every remaining allegation in this paragraph.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of Page 3, Lines 24–28.

Page 3, Line 28 – Page 4, Line 2:      Defendant admits that at the time of the incident, he was on duty as a Sheriff's Deputy for SFSO.  Defendant admits that he acted under color of law, but denies doing any unlawful act.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, Defendants denies generally and

specifically each and every remaining allegation in this paragraph.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of Page 3, Line 28 – Page 4, Line 2.

Page 4, Lines 3–5:     Page 4, Lines 3–5 contain Plaintiff's legal theories and conclusions, statements to which no response is required.  Defendant admits that at the time of the incident, he was on duty as a Sheriff's Deputy for SFSO.  Defendant admits that he acted under color of law and placed Plaintiff in handcuffs, but denies doing any unlawful act.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations in this paragraph, and on that basis, Defendants denies generally and specifically each and every remaining allegation in this paragraph.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of Page 4, Lines 3–5.

Page 4, Lines 5–8:     Page 4, Lines 5–8 contain Plaintiff's legal theories and conclusions, statements to which no response is required.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations of Page 4, Lines 5–8, and on that basis, Defendant denies generally and specifically each and every remaining allegation of Page 4, Lines 5–8.

Page 4, Lines 9–15:    Page 4, Lines 9–15 contain Plaintiff's legal theories and conclusions, statements to which no response is required.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations of Page 4, Lines 9–15, and on that basis, Defendant denies generally and specifically each and every remaining allegation of Page 4, Lines 9–15.

Page 4, Lines 16–19:  Page 4, Lines 16–19 contain Plaintiff's legal theories and conclusions, statements to which no response is required.  Defendant admits that at the time of the incident, he was on duty as a Sheriff's Deputy for SFSO.  Defendant admits that he acted under color of law and ultimately removed Plaintiff's handcuffs, but denies doing any unlawful act.  Defendant lacks

information sufficient to enable him to form a belief as to the truth of the remaining allegations of Page 4, Lines 16–19, and on that basis, Defendant denies generally and specifically each and every remaining allegation of Page 4, Lines 16–19.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of Page 4, Lines 16–19.

Page 4, Lines 19–22:  Defendant admits that an ambulance arrived and medics spoke with Plaintiff.  Defendant lacks information sufficient to enable him to form a belief as to the truth of the remaining allegations of Page 4, Lines 19–22, and on that basis, Defendant denies generally and specifically each and every remaining allegation of Page 4, Lines 19–22.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation of Page 4, Lines 19–22.

Page 4, Line 23 – Page 5, Line 2:     Page 4, Line 23 – Page 5, Line 2 contain only Plaintiff's legal theories and conclusions, statements to which no response is required.  To the extent that Page 4, Line 23 – Page 5, Line 2 contain factual allegations, Defendant lacks information sufficient to form a belief as to the truth of those allegations and denies the allegations on that basis.

Page 5, Lines 2–6:     Page 5, Lines 2–6 contain only Plaintiff's legal theories and conclusions, statements to which no response is required.  To the extent that Page 5, Lines 2–6 contain factual allegations, Defendant lacks information sufficient to form a belief as to the truth of those allegations and denies the allegations on that basis.

Page 5, Lines 7–11:    Page 5, Lines 7–11 contain only Plaintiff's legal theories and conclusions, statements to which no response is required.  To the extent that Page 5, Lines 7–11 contain factual allegations, Defendant lacks information sufficient to form a belief as to the truth of those allegations and denies the allegations on that basis.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CLAIMS FOR RELIEF**

**FIRST CLAIM**
**(Fourth Amendment – Unlawful Detention, Excessive Force – 42 U.S.C. § 1983)**
**(Plaintiff Against Deputy Ibarra)**

Defendant incorporates its prior responses to Pages 1–5 of the First Amended Complaint. Defendant denies that he violated any of Plaintiff's rights. Defendant denies that he did anything wrong. To the extent the First Claim (Page 6, Lines 1–10) contains additional allegations, Defendant denies generally and specifically each and every allegation in the First Claim (Page 6, Lines 1–10).

**DEMAND FOR RELIEF**

Answering the Demand for Relief (Page 7, Lines 1–5), Defendant denies that Plaintiff is entitled to any requested relief.

**SEPARATE AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

The Complaint and each and every cause of action therein fail to state facts sufficient to constitute a cause of action under any theory against this Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Failure to Comply with Claim Presentation Requirements)

Plaintiff was required to present any and all claims against the Defendant in the form of a timely government claim. Plaintiff has failed to satisfy the claims presentation requirements set forth in California Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911, 911.2, 911.3, 911.4, 912.6, 915, 915.2, 915.4, 930, 930.2, 930.4, 930.6, 935, 935.2, 935.4, 945.4, 946, 946.4, and 946.6. Accordingly, this Court lacks jurisdiction over Plaintiff's action and Plaintiff's action is barred by law.

**THIRD AFFIRMATIVE DEFENSE**

(Immunity)

Defendant alleges the following provisions of the California Government Claims Act (Government Code §§ 815, 815(b), 815.2, 815.2(b), 818, 820, 820(b), 820.2, 820.25, 820.4, 820.6, 820.8, 821.6, 822.2, 845, 845.8), as a measure of duty of the City and County of San Francisco and its employees. Plaintiff's Complaint is barred by these provisions and immunities.

1

**FOURTH AFFIRMATIVE DEFENSE**

2

(Immunity from Injury Caused by Person Resisting Arrest)

3      Defendant alleges that, pursuant to Government Code section 845.8, Defendant is immune

4  from liability as a matter of law for injury caused to Plaintiff by a person resisting arrest.

5

**FIFTH AFFIRMATIVE DEFENSE**

6

(Discretionary Acts)

7      Defendant alleges that any liability on its part is barred by the provisions of California

8  Government Code sections 815, 815.2, 820.2, and other applicable provisions of law and each of them,

9  in that any injury to Plaintiff as alleged in said Complaint would have resulted from acts or omissions

10  of Defendant, if at all, in the exercise of discretion vested in him.

11

**SIXTH AFFIRMATIVE DEFENSE**

12

(Proper Enforcement of Law)

13      California Government Code Section 820.4 provides that a public employee is not liable for

14  injuries inflicted by his or her acts or omissions committed "in the execution or enforcement of any

15  law" while exercising due care.

16

**SEVENTH AFFIRMATIVE DEFENSE**

17

(Privilege)

18      Defendant alleges that his conduct at all times material herein was privileged and/or justified

19  under applicable state and federal law including because if in fact any force was used by Defendant

20  against Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and

21  defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

22

**EIGHTH AFFIRMATIVE DEFENSE**

23

(Good Faith)

24      Defendant alleges that he acted with both subjective and objective good faith, such that any

25  claim for relief that Plaintiff may have is barred by law.

26  ///

27  ///

28  ///

**NINTH AFFIRMATIVE DEFENSE**

(Violation of Penal Code)

Defendant alleges that Plaintiff violated certain provisions of the California Penal Code, and that Plaintiff voluntarily assumed all risks, responsibility and liability for the injuries which were the natural and probable result of violating the California Penal Code.

**TENTH AFFIRMATIVE DEFENSE**

(Probable Cause)

Defendants alleges that he had probable cause to arrest Plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Resisting Arrest)

Defendant alleges that Plaintiff was under a duty pursuant to Section 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that Plaintiff breached Plaintiff's duty even though Plaintiff knew or by the exercise of reasonable care should have known that they were being arrested by a peace officer; that as a direct and proximate result of Plaintiff's breach of this duty Plaintiff is barred from recovery for any loss or damage he may have incurred, if any there be.

**TWELFTH AFFIRMATIVE DEFENSE**

(Mutual Combat)

Defendant alleges that Plaintiff had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the Complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks, which were accepted and voluntarily assumed by him when he engaged in said activity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Plaintiff's Conduct Reckless and Wanton)

Defendant alleges that at all times mentioned in Plaintiff's complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint;

that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each cause of action therein are barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

By reason of Plaintiff's own acts and omissions, Plaintiff is barred by the legal doctrine of waiver from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Defendant alleges that at all times relevant to Plaintiff's Complaint, Plaintiff knowingly, voluntarily, and/or willingly consented to the use of force upon his person.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Defendant alleges that Plaintiff had full knowledge of the risk involved in the activity in which Plaintiff was engaged at the time of the happening of the incident set forth in the Complaint; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff when engaging in said activity.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Arrest)

Defendant alleges that Plaintiff's arrest was authorized and privileged pursuant to California Penal Code Section 836, and that if any force was used to effect the arrest of the Plaintiff herein by any named defendant, such force was authorized and privileged pursuant to Sections 833 et seq., including Sections 835 and 835a, of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Prevent Injury/Escape)

Defendant alleges that no more force was used on Plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Self Defense and Defense of Others)

Defendant alleges that if in fact any force was used against Plaintiff, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged and/or justified by law, and any recovery pursuant to said use of force is barred.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Justified Use of Force)

The complaint and each cause of action therein is barred because the use of force against the Plaintiff by Defendant, if any, was privileged and justified.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Penal Code Privileges and Immunities)

Defendant alleges that at all times mentioned in Plaintiff's Complaint, he acted in accordance with and pursuant to the California Penal Code, including without limitation §§ 834, 834a, 835, 835a, 836, 847, 849.

///

///

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2

(No Intent to Harm)

3       Defendant alleges that he at all times acted in good faith, reasonably, truthfully, and/or without

4   any intent to deprive Plaintiff of any rights under the federal or state constitutions, federal or state

5   statutes, thereby entitling Defendant to immunity from suit

6

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

7

(No Specific Intent to Violate Plaintiff's Rights)

8       Defendant alleges that he was at all times acting with both subjective and objective good faith

9   and did not have any intent to violate Plaintiff's rights. Defendant alleges that he did not have any

10  specific intent to violate Plaintiff's rights.  See *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043 (9th

11  Cir. 2018).

12

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

13

(Qualified Immunity)

14      Defendant alleges that this lawsuit is barred, in whole or in part, by the doctrine of qualified

15  immunity, absolute immunity and/or the common law immunities protecting peace officers.

16

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

17

(No Breach of Duty)

18      Defendant alleges that he is not liable for any cause of action based in negligence, as he has

19  breached no duty of care owed to Plaintiff.

20

## TWENTY-NINTH AFFIRMATIVE DEFENSE

21

(No Causation)

22      Defendant alleges that the condition or conduct in question could not have caused Plaintiff's

23  alleged injuries.

24

## THIRTIETH AFFIRMATIVE DEFENSE

25

(Defendant's Acts Not A Proximate Cause)

26      Defendant states that any act or omission on the part of the answering Defendant was not the

27  proximate cause of Plaintiff's injury.

28  ///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Supervening Cause)

Defendant alleges that he was not the substantial cause of Plaintiff's injuries and damages but that other acts were the sole supervening causes of Plaintiff's injuries and damages.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendant alleges by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in said Complaint; that said negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against Defendant by virtue of said Complaint, Defendant prays that the recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(No Violation of Civil Rights for Negligence)

Mere negligence does not constitute a violation of constitutional rights and is not actionable under 42 U.S.C. § 1983, and Defendant specifically denies that he was negligent.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious, and unreasonable; therefore, Defendant is entitled to sanctions and other appropriate remedies, including without limitation attorneys' fees, against Plaintiff.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Defendant alleges that the complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him, and said failure bars or reduces the recovery, if any from Defendant.

///

///

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Contribution)

Defendant alleges that the fault of persons other than this answering Defendant contributed to and proximately caused the occurrence; and that under the principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20 Cal.3d 578, Defendant prays that the percentage of such contribution be established by special verdict or other procedure, and that Defendant's ultimate liability be reduced to the extent of such contribution.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Proposition 51)

Defendant alleges that in the event that this answering Defendant is found to be liable—which liability is specifically denied and stated merely for the purposes of this affirmative defense—such liability, if any there be, for non-economic damages shall be several and not joint, pursuant to the California Fair Responsibility Act of 1986 (Proposition 51) as set forth in Sections 1431 *et seq.* of the California Civil Code.  This answering Defendant requests that the trier of fact be instructed that the amount of non-economic damages be allocated in direct proportion to the percentage of fault, if any there be, assessed against each person or entity to which the Act applies and that a separate judgment be rendered against each such person or entity in the amount of such non-economic damages attributable to that person or entity.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(Set Off and Recoupment)

Defendant alleges that if Plaintiff is entitled to any recovery, Defendant is entitled to set off any prior recoveries, compensation, or benefits Plaintiff may have received in connection with the injuries or claims identified in this case and/or any collateral sources, including but not limited to having Plaintiff's recovery reduced as provided in Government Code § 985.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Negligence of Third Parties – Equitable and Statutory Indemnity for Defendant)

Defendant states that Plaintiff's injuries were caused by the negligence or other act or omission of third parties, and Defendant is entitled to equitable and statutory indemnity from such third parties.

**FORTIETH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendant denies that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of this Defendant.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to State Facts Sufficient to Support Prayer for Punitive or Exemplary Damages)

Defendant alleges that the Complaint fails to state facts sufficient to support a prayer for punitive damages or exemplary damages.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Additional Defenses)

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1

## DEMAND FOR JURY TRIAL

2    Defendant hereby demands a trial by jury on all counts of Plaintiff's Complaint.

3

4    WHEREFORE, Defendant prays for judgment as follows:

5    1.    That Plaintiff take nothing from Defendant;

6    2.    That the Complaint against Defendant be dismissed with prejudice;

7    3.    That judgment be entered in favor of Defendant.

8    4.    That Defendant recovers its costs of suit herein, including attorneys' fees; and

9    5.    For such other relief as is just and proper.

10

11   Dated:  January 4, 2023

12                                              DAVID CHIU
                                                City Attorney
13                                              MEREDITH B. OSBORN
                                                Chief Trial Deputy
14                                              KATHERINE B. BEARMAN
                                                Deputy City Attorney
15

16                                         By: _/s/  Katherine B. Bearman_____
17                                              KATHERINE B. BEARMAN

18                                              Attorneys for Defendant
                                                DEPUTY FERNANDO IBARRA
19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, KATHLEEN K. HILL, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On January 4, 2023, I served the following document(s):

**DEFENDANT DEPUTY IBARRA'S ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

on the following persons at the locations specified:

Lester Hogan
P.O. Box 59714
San Jose, CA 95159

Tel (415) 966-5096
     (415) 374-5153
Email  lesterhogan276@gmail.com

*Plaintiff in Pro Per*

in the manner indicated below:

☒  **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed on January 4, 2023, at San Francisco, California.

*/s/ Kathleen K. Hill*
KATHLEEN K. HILL

Defendant's Answer to First Amended Complaint
Case No. 22-cv-6112-DMR

15

n:\lit\li2022\210931\01644271.docx